UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| DANIEL G. NEGUSSE | * | DOCKET NO. 06-1382<br>Section P |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 filed by Petitioner, Daniel G. Negusse a/k/a Daniel Nugsa-Ghirmay, a/k/a Daniel Girmai Negusie ("Negusse") on August 11, 2006. The Government filed an answer and memorandum of law. [doc. # 11]. Negusse filed a response to the Government's memorandum. For reasons stated below, it is recommended that Negusse's petition be **GRANTED** and that he be **RELEASED** from custody pending removal upon reasonable restrictions.

### BACKGROUND

Negusse was born in Ethiopia to an Ethiopian father and an Eritrean mother. (Gov.'t Exh. 1). He is a citizen of Eritrea. (Gov.'t Exhs. 3, 7). Negusse arrived in the United States on December 14, 2004, as a stowaway aboard the M/V ATLANTIC FOREST while the vessel was docked at Morehead, North Carolina. (Gov.'t Exhs. 1-3). After his apprehension aboard the vessel, immigration and port security officers came aboard and, on December 15, 2004, United States Immigration and Customs Enforcement ("USICE") notified the appropriate officer of the M/V ATLANTIC FOREST that Negusse had been paroled into their custody to be detained aboard the vessel until it departed the United States. (Gov.'t Exh. 4). However, after the ship

reached New Orleans on December 20, 2004, Negusse's parole was revoked, and he was taken into Government custody pending resolution of his asylum request. (Gov.'t Exh. 5). On May 31, 2005, Negusse's applications for asylum and for withholding of deportation under Section 241(b)(3) of the Immigration and Nationality Act and the Convention Against Torture were denied. (Gov.'t Exhs. 6-7). However, his request for deferral of removal to Eritrea under the Convention Against Torture was granted. *Id*. Negusse and the Department of Homeland Security ("DHS") each appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"); however, on February 7, 2006, the BIA found no error and dismissed the appeals. (Gov't. Exh. 9). On March 7 and 8, 2006, Negusse filed petitions for review of the BIA's decision with the United States Court of Appeals for the Fifth Circuit. *See, Daniel Girmai Negusie v. Gonzales*, Case No. 06-60193 and *Daniel Girman Negusie v. Gonzales*, Case No. 06-60194. The appeals remain pending.

Meanwhile, on January 11, 2006, Negusse's request for release on parole into the United States was denied by USICE. (Gov.'t Exh. 8). By letter dated April 17, 2006, USICE asked the vice-president of International Shipholding Corp. to accept Negusse (*sub nom* Nugsa-Ghirmay) for detention and removal. (Gov.'t Exh. 10). On May 3, 2006, counsel for the owners of the M/V ATLANTIC FOREST agreed that Negusse would be returned to the owners' custody, and housed as of May 4, 2006, at the Tensas Detention Facility at owners' expense. (Gov.'t Exh. 11). Counsel confirmed that Negusse would remain at Tensas until he could be repatriated to Ethiopia. *Id*.

On August 4, 2006, USICE completed a post order custody review and decided to continue Negusse in custody. (Gov.'t Exh. 12). Negusse was so notified by decision dated August 15, 2006. (Gov.'t Exh. 13). Negusse remains detained at the Tensas Parish Detention

2

Center.

The instant petition challenges Negusse's post-removal detention under the framework established by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner alleges that the presumptively reasonable six-month detention period has expired and that there is no significant likelihood of his removal in the reasonably foreseeable future.

**LAW AND ANALYSIS**

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas v. Davis*,[1] the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Zadvydas*, 533 U.S. at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, the Government agrees that Negusse's order of removal became administratively final on February 7, 2006. (Gov.'t Memo., pg. 8). Therefore, the presumptively reasonable six-month detention period has long since expired. However, the lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701,

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future.

The Government contends that, because Negusse was transferred to the custody of the shipowners within six months of when his removal order became final, he has failed to state a valid claim under *Zadvydas* and that it is incumbent upon the shipowners to effect Negusse's removal. The undersigned has examined the authority cited by the Government and, although it clearly mandates that the shipowners pay for the costs associated with detaining Negusse and perhaps shoulder some of the responsibility for his removal, this Court is unable to discern any support for the Government's contention that its purported transfer of Negusse to the "custody" of the shipowner absolves it of the responsibility to attempt repatriation, especially while Negusse remains in jail. *See* 8 U.S.C. §1231(c)-(d).[2]

Even accepting the Government's contentions and assuming that the shipowner alone has "custody" of Negusse, the undersigned has been presented with no authority to support the position that a shipping company acting alone has any legal authority to detain an individual at a local jail even temporarily, much less indefinitely. Notwithstanding any role that the shipowners may play in removing Negusse, he is being detained pursuant to the immigration laws of the United States, and the primary enforcement responsibility for those laws lies with the USICE.[3]

---

[2] *See also* 8 C.F.R. §241.11 ("If detention of the stowaway is required pending removal on other than the vessel or aircraft of arrival, or if the stowaway is to be removed on the vessel or aircraft of arrival but departure of the vessel or aircraft is not imminent and circumstances preclude keeping the stowaway on board the vessel or aircraft, the Service shall take the stowaway into Service custody. The owner is responsible for all costs of maintaining and detaining the stowaway pending removal, including costs for stowaways seeking asylum. . . .").

[3] Indeed, in USICE's Decision to Continue Detention, it stated that Negusse was to remain in USICE custody pending removal, and that the Field Office Director for New Orleans would retain jurisdiction to decide his custody. (Gov.'t Exh. 13).

The Government also argues that there is no evidentiary support for a determination that petitioner is not significantly likely to be deported within the reasonably foreseeable future. However, in response to the Government's memorandum, petitioner submitted an excerpt from a report issued by DHS's Office of Inspector General wherein Ethiopia is identified as a country that is unwilling to issue travel documents for repatriation. (*Detention and Removal of Illegal Aliens*, DHS Office of Inspector General, Office of Audits April 2006, pgs. 17-19, Pet. Exh. A).[4] The report states that Ethiopia limits the number of travel interviews that it conducts and requires proof that the applicant's parents were born in Ethiopia. *Id.* Here, of course, petitioner's mother is Eritrean. (Gov.'t Exh. 1).

In short, the Government's own experience with Ethiopia confirms that Negusse's removal is not significantly likely to occur in the reasonably foreseeable future. Regardless of whether USICE or the shipowners, or both, are required to effect his removal, the fact remains that Negusse has been detained for almost one year since his order of removal became administratively final. This is not a case of a detainee requesting release as soon as the presumptive six-month detention period expires; that period expired long ago. There is no evidence of any specific and concrete efforts underway that are likely to result in the issuance of a travel document in the reasonably foreseeable future.[5] Furthermore, there is no evidence that Negusse has been convicted of a crime, that he is a flight risk, or that he poses any threat to the

---

[4] Http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_06-33_Apr06.pdf

[5] The Post Order Custody Review Worksheet indicates that as of July 25, 2006, the shipowners had made no progress in obtaining a travel document from Africa, but that they had retained a firm to work with the "embassy in Washington DC." (Gov.'t Exh. 12). There are no further specifics.

public should he be released.[6] Accordingly,

**IT IS RECOMMENDED** that Negusse's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **GRANTED** and that he be released from custody under reasonable restrictions, pending removal.[7]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[6] In its Post Order Custody Review Worksheet, USICE concluded that Negusse was a flight risk simply because he has no family ties in the United States. (Gov.'t Exh. 12). However, the Worksheet also acknowledges that USICE had been notified that petitioner has a sponsor. *Id.*

[7] Although there is a dispute in this case over who the proper respondent is, *Rumsfeld v. Padilla*, makes clear that ". . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S.Ct. 2711, 2717 (2004). In habeas challenges to present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435, 2718. Therefore, the Government's argument that Negusse may have been transferred to the custody of the shipowners is immaterial given that he remains in the Tensas Parish Detention Center in the immediate custody of Warden Dale Dauzat, who has acknowledged service of the petition. [doc. # 7].

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of February, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE